```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JONATHAN J. CAVALEA,

                    Plaintiff,

      -against-                          MEMORANDUM AND ORDER
                                         10-CV-5478 (JS)(WDW)
SUFFOLK COUNTY SHERIFF'S OFFICE,
SUFFOLK COUNTY CORRECTIONAL FACILITY,

                    Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:      Jonathan J. Cavalea, Pro Se
                    8 Hyanis Ct.
                    Mt. Sinai, NY 11766

For Defendants:     No Appearance
```

SEYBERT, District Judge:

Presently pending before the Court is the Complaint of pro se plaintiff Jonathan J. Cavalea ("Plaintiff") filed pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to proceed in forma pauperis. For the reasons that follow, the application to proceed in forma pauperis is GRANTED. However, the Complaint is sua sponte DISMISSED WITH PREJUDICE as against Defendants Suffolk County Sheriff's Office and Suffolk County Correctional Facility and Plaintiff is granted leave to file an Amended Complaint in accordance with this Order against a proper defendant.

BACKGROUND

Plaintiff's sparse Complaint is difficult to discern. Plaintiff appears to complain that while he was incarcerated at the Suffolk County Correctional Facility, he was forced to serve extra

time after an unnamed corrections officer found contraband, namely "Methadone", in Plaintiff's possession. (Compl. at ¶ IV). Plaintiff alleges that the Methadone was confiscated and, following a hearing, his period of incarceration was extended by an additional 40 days. (Id.). Plaintiff contends that this punishment was excessive because he was charged twice for the same infraction. (Id.). According to Plaintiff, his sentence should have been extended by only an additional 20 days, not 40 days. (Id.). Plaintiff alleges that his new release date was to be November 18, 2010[1]. (Id.). Without the Methadone, Plaintiff claims to have suffered withdrawal symptoms and claims to have had severe "neck and back pains" and an intense headache. (Id.).

Shortly before his scheduled date of release, Plaintiff claims that an unnamed corrections officer

> threw all of my hygene [sic] products in the cat walk, [and when] I reached for them, the block officer called me to the sally port, had me spread my legs which I couldn't do due to my left leg paralyzed, the officer then said '[d]o you want to go to the ER?' Then punched me 5 times in back, then my body smashed into the brick wall, then the officer punched me in the head.

(Compl. at ¶ 4). Plaintiff further claims that he was denied

---

[1] Plaintiff also alleges that "on September 10, 2010, I was charged in County Court to 30 Days! Making my 3rd discharge date December 7, 2010." (Comp. at ¶ 4). It is unclear whether this discharge date change is related to Plaintiff's possession of contraband, and, if so, whether Plaintiff seeks to base any of his claims on this fact. He may address these issues in an Amended Complaint.

medical treatment following this incident, including any medication to relieve his pain.  (Compl. at ¶ V(2)).

Based on the foregoing, Plaintiff seeks unspecified money damages for the 20 days allegedly served in excess of his sentence. In addition, Plaintiff seeks to have his "rehab to be paid for [and] extrem [sic] emotional distress."  (Compl. at ¶ V(2)). Finally, Plaintiff seeks "an immediate injunction for officer's not allowed to beat inmates."  (Compl. at ¶ V(2)).

On January 24, 2011, the Court received a change of address form from the Plaintiff that reflects that he is no longer incarcerated and provides Plaintiff's new residential address.

### DISCUSSION

I.  <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of his application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees.  <u>See</u> 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED.

II. <u>Application of the Prison Litigation Reform Act</u>

The Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an <u>in</u> <u>forma</u> <u>pauperis</u> complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief

3

against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A (a) & (b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a). Section 1915(e), as amended by the Prison Litigation Reform Act of 1995, applies to both prisoner and non-prisoner in forma pauperis actions. See Burns v. Goodwill Indus. of Greater New York, No. 01-CV-11311, 2002 WL 1431704, at *2 (S.D.N.Y. July 2, 2002).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se Complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

A.  <u>Section 1983</u>

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983 (2000). To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." <u>Rae v. County of Suffolk</u>, No. 07-CV-2138 (RMM) (ARL), 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting <u>Snider v. Dylag</u>, 188 F.3d 51, 53 (2d Cir. 1999). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. <u>See</u> <u>Thomas v. Roach</u>, 165 F.3d 137, 142 (2d Cir. 1999).

Furthermore, to prevail against a municipality in a Section 1983 action, a plaintiff must plead and prove three elements: (1) an official policy or custom that (2) caused the Plaintiff to be subjected to (3) a denial of a Constitutional right. <u>See Hartline v. Gallo</u>, 546 F.3d 95, 103 (2d Cir. 2008); <u>Zahra v. Southold</u>, 48 F.3d 674, 685 (2d Cir. 1995); <u>Batista v. Rodriguez</u>, 702 F.2d 393, 397 (2d Cir. 1983); <u>See also Monell v.</u>

5

Dep't Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1977). "Local governing bodies . . . may be sued for constitutional deprivations pursuant to government 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91 (citations omitted).

    B.    <u>Claims Against Suffolk County Correctional Facility and the Suffolk County Sheriff's Office</u>

"[U]nder New York Law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." See Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department); see also Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Because plaintiff has named the City of White Plains as a defendant, any claims against the [White Plains Department of Public Safety] are redundant" and are dismissed.).

Here, Plaintiff names as the sole Defendants the Suffolk County Sheriff's Office and the Suffolk County Correctional Facility. Both of these Defendants are administrative arms of Suffolk County and thus lack the capacity to be sued. Rather, the proper defendant is the municipality, Suffolk County. Accordingly, Plaintiff's claims against these Defendants are dismissed with prejudice and the Plaintiff may file an Amended Complaint against Suffolk County in accordance with this Order. Plaintiff shall file

an Amended Complaint within 30 days of the date of this Order and is warned that failure to file an Amended Complaint within this time period will result in the dismissal of his case with prejudice pursuant to Federal Rule of Civil Procedure 41.

C.  Injunctive Relief

Plaintiff seeks, inter alia, "an immediate injunction for officer's not allow to beat inmates". (Comp. at ¶ V(2)).  As noted above, Plaintiff has been released from the Suffolk County Correctional Facility and therefore his claim for injunctive relief is now moot.  Jefferson v. Doe, No. 08-CV-0204 (JS)(ARL), 2010 WL 276198, at *2 (E.D.N.Y. January 8, 2010).  Therefore, Plaintiff's claim for injunctive relief is DISMISSED WITH PREJUDICE.

CONCLUSION

For the reasons set forth above, the Plaintiff's application to proceed in forma pauperis is GRANTED, but is DISMISSED WITH PREJUDICE as against the Suffolk County Correctional Facility and the Suffolk County Sheriff's Office.  Plaintiff is granted leave to file an Amended Complaint against a proper defendant in accordance with this Order.  The Amended Complaint must be labeled "Amended Complaint" and must bear the docket number 10-CV-5478. Any Amended Complaint must be filed within **thirty (30) days of the date that notice of entry of this Order is served upon the Plaintiff** and Plaintiff is warned that his failure to timely file an Amended Complaint will lead to the dismissal of his

7

Complaint and the case will be closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order, together with Plaintiff's authorization, to the Superintendent of the facility in which Plaintiff was incarcerated and to serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the pro se Plaintiff at his last known address, see Fed. R. Civ. P. 5(b)(2)(c).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February __23__, 2011
        Central Islip, New York